THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CAREY HOOKER, a/k/a UNDRA HOOKER, Defendant-Appellant.

(No. 73-337; ▮▮▮▮▮▮▮▮▮)

Third District—June 28, 1974.

Richard Steck of the State Appellate Defender's Office, of Ottawa, for appellant.

Jose Nunes, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County. The defendant, Carey Hooker, hereinafter referred to as defendant, was indicted for burglary. At a jury trial he was found guilty of burglary and sentenced to not less than 2 nor more than 6 years.

The only issue raised in this appeal is whether the trial court erred by denying defendant's motion to suppress evidence.

The facts pertinent to this decision are as follows: On October 27, 1972, officers of the Joliet police department went to a residence in Joliet to investigate a report of a burglary in progress. The house was in disarray and a rear basement window was discovered broken out. An automobile parked in front of the house aroused the interest of the police and a registration check indicated the car belonged to defendant.

Thereafter defendant appeared at the Joliet police station and indicated he wished to report a stolen car. Two of the officers present at the

above mentioned burglary investigation escorted defendant to an interview room where a stolen car report was made. When the report had been completed one of the officers asked to see the defendant's arms. The defendant took off his jacket and lifted his sleeves. He then lifted his shirt and the officers observed two fresh jagged cuts on his back.

The defendant was next placed under arrest. After being informed as to his rights, the officers took blood samples, photographed the cuts, and fingerprinted the defendant.

The defendant moved to suppress this evidence at the trial, alleging the evidence resulted from an illegal consent search. This motion was denied and this appeal results. The defendant's position in this appeal is that he was in custody, in a coercive atmosphere, and before valid consent for a search could be given he should have been informed of his right to refuse such consent.

■■ The State's position is that the defendant was not in custody and therefore the holding of the United States Supreme Court in *Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed.2d 854, 93 S.Ct. 2041 (1973) applies. In the *Schneckloth* case the Supreme Court held that valid consent to a search could be given without informing the defendant of his right to refuse consent, and in so holding they used the following language:

> "Consequently we cannot accept the position of the Court of Appeals in this case that proof of knowledge of the right to refuse consent is a necessary prerequisite to demonstrating a voluntary consent. Rather it is only by analyzing all the circumstances of an individual consent that it can be ascertained whether in fact it was voluntary or coerced." 412 U.S. at 232-233, 36 L.Ed.2d at 866.

In the instant case the defendant voluntarily went to the police station to report a stolen car, he was taken to an interview room to complete this report, and after doing so he was asked to display his arms. He then removed his jacket and rolled up his sleeves to display his arms and then voluntarily lifted his shirt which revealed the fresh cuts which precipitated his arrest.

The trial court at the hearing on the motion to suppress, specifically found "that the defendant voluntarily lifted his sleeves and his shirt * * * does not find the defendant to have been in custody at the time * * *."

■■ We find that from the facts presented the defendant was not in custody, and that the holding of the United States Supreme Court in *Schneckloth v. Bustamonte* is controlling in this case and further find from the facts presented the defendant voluntarily waived his consent to the search and that a search authorized by consent is fully valid

(*Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed.2d 854, 93 S.Ct. 2041) and therefore the trial court did not err in denying Hooker's motion to suppress the evidence.

Affirmed.

ALLOY and DIXON, JJ., concur.